United States District Court
Southern District of Texas

**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **RAFAEL REYES MORALES,** | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-cv-01350 |
| | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** *et al.*, | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus and Emergency Motion for Emergency Temporary Restraining Order to Stay Deportation, (Dkt. No. 1). Petitioner seeks emergency relief to prevent his imminent removal to Guatemala on the basis of an alleged violation of his rights under the Fourth Amendment. For the reasons stated below, Emergency Motion for Emergency Temporary Restraining Order to Stay Deportation, (Dkt. No. 1), is **DENIED**.

Petitioner is a citizen of Guatemala. According to the petition, in 2011, Petitioner attempted to enter the United States. (*See* Dkt. No. 1 at 2). He was apprehended and returned to Mexico under an expedited removal order. (*Id.*). That same year, he re-entered the United States without apprehension and has remained continuously present in the United States since then. (*Id.* at 1). He is married to a U.S. citizen and has U.S. citizen children. (*Id.*).

According to the petition, "Petitioner was stopped while driving a work truck by some agency, which has not been identified to date, and was removed from the vehicle, was told that the authorities had information that Petitioner was carrying something unlawful in his work vehicle. Without seeking consent or providing further information, he was detained and his vehicle was searched." (*Id.* at 2). Nothing was found during the search, but Petitioner was taken into custody by immigration officials. (*Id.*).

On July 27, 2026, Petitioner was provided a Reasonable Fear Interview (RFI). (*Id.*). On July 28, 2026, Petitioner received a negative fear determination and requested review of that determination by an Immigration Judge (IJ). (*Id.*). On July 29, 2026, the

IJ affirmed the negative fear determination. (*Id.*). On July 30, 2026, Petitioner's counsel was informed that Petitioner would be removed to Guatemala on August 1, 2026. (*Id.* at 3).

Petitioner filed a petition for a writ of habeas corpus on July 30, 2026. (Dkt. No. 1). He asserts that his detention is unlawful because the traffic stop, search, and seizure violated his Fourth Amendment rights. Within his petition, he requests an emergency temporary restraining order to stay his removal so that the Court can consider his habeas corpus petition.

The purpose of a temporary restraining order (TRO) is to preserve the status quo and prevent irreparable harm. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). There are four elements that must be met for the extraordinary relief of a TRO or preliminary injunction. A movant must demonstrate that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The party seeking the injunctive relief must prove each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985). The third and fourth factors—harm to the opposing party and the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

None of these elements carries "a fixed quantitative value. Rather, a sliding scale is utilized, which takes into account the intensity of each in a given calculus." *Mock v. Garland*, 75 F.4th 563, 587 (5th Cir. 2023) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975)). "Injunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (citing 7 Moore's Federal Practice ¶ 65.04(s) (1982); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2942 at 368 (1973)).

Having considered Petitioner's Motion and the applicable law, the Court finds that a temporary restraining order is not warranted. Specifically, the Court finds that Petitioner has not demonstrated a significant likelihood of success on the merits of his claim. As a result, Petitioner fails to meet his burden for a TRO.

In the context of criminal law, a Fourth Amendment violation may be remedied by the suppression of evidence. *See, e.g.*, *United States v. Mendez*, 885 F.3d 899, 909 (5th Cir. 2018). But "[t]he 'body' or identity of a defendant in a . . . civil proceeding is never itself suppressible . . . even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). In the removal context, review of a Fourth Amendment claim only occurs after review by the Immigration Court and the Board of Immigration Appeals. *See Lopez Ruiz v. Olson*, No. 4:26-CV-51, 2026 WL 483478, at *12 (W.D. Ky. Feb. 20, 2026) (collecting cases). Furthermore, if Petitioner were seeking to suppress any evidence that makes him removeable, then the Court would be divested of jurisdiction because that challenge would necessarily be to the underlying removal order, which is not reviewable by the district court. 8 U.S.C. § 1252(a)(5), (g); *see also Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam) (citation modified) ("A request for stay of removal is a challenge to a removal order. . . . Federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.").

Assuming that Petitioner is instead challenging his detention following an allegedly unlawful arrest, the motion still fails. Petitioner's alleged facts are consistent with the reinstatement of removal process. 8 U.S.C. § 1231(a)(5) provides that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."

Corresponding regulations provide further procedures for a determination of whether removal should be withheld using a reasonable fear interview: "If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning

to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." 8 C.F.R. § 241.8(e). The regulations further provide for detention. *Id.* § 241.8(f).

Here, Petitioner was removed pursuant to an expedited removal order in 2011. He re-entered the United States after that removal. After he was re-detained, Petitioner received a fear screening and subsequent IJ review. Petitioner does not allege that the process he received for reinstatement of removal is deficient under the statute, regulations, or due process. While Petitioner argues that his detention began unlawfully with the traffic stop, search, and seizure, he cannot show that his present detention is unlawful because he is properly detained for the reinstatement of removal process.

Because Petitioner does not assert a valid basis to challenge his detention, he cannot establish that he is significantly likely to succeed on the merits of his claim. Therefore, the Court finds that Petitioner has not satisfied the first factor for issuing a temporary restraining order. All four elements must be met to grant a TRO, so his request for a TRO must be denied.

For the foregoing reasons, Petitioner's Motion for Emergency Temporary Restraining Order to Stay Deportation, (Dkt. No. 1), is **DENIED**.

It is so **ORDERED**.

**SIGNED** on July 31, 2026.

_____
John A. Kazen
United States District Judge